UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| WILLIAM D. HILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) Civil No. | 07-cv-292-JM |
| ) | |
| JEANNE M. CHAREST, ARNP; COOS ) | |
| COUNTY FAMILY HEALTH SERVICES, INC.; ) | |
| and ANDROSCOGGIN VALLEY HOSPITAL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

NOTICE OF REMOVAL OF CIVIL ACTION

The United States of America, on behalf of itself and defendants Jeanne M. Charest, ARNP, and Coos County Family Health Services, Inc. (CCFHS), removes the above case for the following reasons:

1.      Jeanne M. Charest and CCFHS are defendants in a civil action now pending in Hillsborough County North Superior Court, New Hampshire, No. 07-C-0237, entitled <u>William Donald Hilton v. Jeanne M. Charest, ARNP; Coos County Family Health Services, Inc., and Androscoggin Valley Hospital</u>.  CCFHS is a grantee of the United States Department of Health and Human Services.  Jeanne M. Charest is an employee of Coos County Family Health Services, Inc.

2.      No trial has been scheduled in this matter.  A copy of the Writ of Summons is attached as Exhibit A.

3.      This removal is brought purusant to 42 U.S.C. § 233(c), 28 U.S.C. § 2679(d), 28 U.S.C. §§ 1441, 1442(a)(1) and 1446.  The action commenced against the defendants in state court is a civil action in connection with acts allegedly done by defendant CCFHS, a grantee of

the U.S. Department of Health and Human Services, and Jeanne M. Charest, ARNP, an employee of CCFHS.

4. Coos County Family Health Services, Inc., is an entity which receives federal grant money from the United States Public Health Services pursuant to 42 U.S.C. §§ 254b, 254c, 256, or 256a. Pursuant to 42 U.S.C. § 233(h), the United States Department of Health and Human Services has deemed CCFHS and its employees, who are health care practitioners, to be employees of the federal government only for purposes of coverage under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq., effective for acts and omissions on or after October 1, 1995.

5. Jeanne M. Charest, ARNP, was an employee of CCFHS at all times relevant to the allegations contained in the plaintiff's complaint.

6. The Attorney General of the United States, by the United States Attorney for the District of New Hampshire, has certified, pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d), that Coos County Family Health Services, Inc. was an entity receiving federal grant money from the United States Public Health Service pursuant to 42 U.S.C. §§ 254b, 254c, 256, or 256a at the time of the incidents alleged in the complaint and was acting within the scope of its deemed employment as an employee of the United States of America for purposes of the Federal Tort Claims Act, at the time of the incidents alleged in the Writ. . See Certification of Thomas P. Colantuono, United States Attorney, attached as Exhibit C, at ¶ 3.

7. United States Attorney Colantuono has also certified that ARNP Jeanne M. Charest was acting within the scope of her deemed employment as an employee of the United States of America, for purposes of the Federal Tort Claims Act, at the time of the incidents alleged in the complaint. Colantuono Certification at ¶ 4.

8. Both 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2) provide that upon certification by the Attorney General, any civil action or proceedings commenced in state court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place in which the action or proceeding is pending, and that the action or proceeding shall be deemed to be an action or proceeding against the United States under the provisions of Title 28 and all references thereto.

9. The above-captioned action is one which may be removed without bond to this Court pursuant to 28 U.S.C. § 2679(d) for the reason that the plaintiff seeks judgment for damages allegedly resulting from actions performed by defendants CCFHS and Jeanne M. Charest while acting within the scope of their deemed employment with the United States of America. Remedy by suit within the meaning of 28 U.S.C. § 2679(b) is, therefore, available to the plaintiff against the United States of America.

10. This Notice is predicated on the federal defense that CCFHS and Jeanne M. Charest are entitled to have the United States of America substituted as the party defendant pursuant to 28 U.S.C. § 2679.

Therefore, this action now pending in Hillsborough County North Superior Court is properly removed from that court to this Court, pursuant to 42 U.S.C. § 233(d), 28 U.S.C. § 2679(d), 28 U.S.C. §§ 1441, 1442(a)(1) and 1446.

/s/ Gretchen Leah Witt

Gretchen Leah Witt
Assistant U.S. Attorney
Chief, Civil Division
NH Bar No. 2775
53 Pleasant Street
Concord, NH 03301
225-1552
gretchen.witt@usdoj.gov

Dated:  9/13/07