**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| William D. Hilton, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil No. 07-292-PB |
| Jeanne M. Charest, ARNP; | ) |
| Coos County Family Health Service, Inc.; | ) |
| and Androscoggin Valley Hospital, | ) |
| | ) |
|       Defendants. | ) |

**UNITED STATES' MOTION TO DISMISS**
**COUNTS I, II, AND IV OF THE COMPLAINT**

Defendant United States of America requests that this Court dismiss counts I, II, and IV of this medical malpractice action under Federal Rules of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction. Plaintiff William D. Hilton commenced this action in New Hampshire Superior Court against, inter alia, Coos County Family Health Service, Inc. ("Coos") and Jeanne M. Charest, a nurse practitioner employed by Coos, asserting state-law claims based on allegations that Plaintiff received negligent treatment for appendicitis. Because Coos has been deemed a federal employer by the United States Department of Health and Human Services ("HHS") pursuant to the Federally-Supported Health Centers Assistance Act of 1992, see 42 U.S.C. § 233, the United States has been substituted as the defendant for the claims against Coos and Charest. As a result of this substitution, the state-law claims against Coos and Charest were converted into Federal Tort Claims Act ("FTCA") claims against the United States. The United States has removed this action to this Court. See 28 U.S.C. §§ 1441, 1442(a)(1), 1446 and 2679(d)(2).

The Court should now dismiss the counts against the United States because they are untimely.  To establish jurisdiction under the FTCA, Plaintiff had to file an administrative claim with HHS within two years of the accrual of his cause of action.  Plaintiff's action is predicated on a ruptured appendix that he suffered in March 2003, and, therefore, he had until March 2005, to file his administrative claim.  Plaintiff failed to do so.  Accordingly, the counts against the United States are "forever barred" and should be dismissed for a lack of subject matter jurisdiction.  28 U.S.C. § 2401(b).

In support of this motion, the United States refers the Court to the Memorandum of Law in Support of United States' Motion to Dismiss Counts I, II, and IV of the Complaint with attached exhibits and to the record of this litigation.

Because this is a dispositive motion, Plaintiff's concurrence has not been sought.

Therefore, the United States requests that the Court grant this motion and enter an order dismissing counts I, II, and IV for a lack of subject matter jurisdiction.

        Respectfully submitted,

        THOMAS P. COLANTUONO
        United States Attorney

            /s/ Seth R. Aframe
        By:
        Seth R. Aframe
        Assistant United States Attorney
        MA Bar No. 643288
        U.S. Attorney's Office
        53 Pleasant Street, Fourth Floor
        Concord, NH  03301-3904
        603-225-1552
        Seth.Aframe@usdoj.gov

October 3, 2007

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of October, 2007, the foregoing Motion and accompanying Memorandum of Law with attached exhibits was mailed via first-class, postage prepaid mail to Mark A. Abramson, Esq., at Abramson, Brown & Dugan, 1819 Elm Street, Manchester, NH 03104, and via ECF to counsel for Androscoggin Valley Hospital, Ronald J. Lajoie, Esq.

      /s/Seth R. Aframe
Seth R. Aframe, Assistant U.S. Attorney