UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| William D. Hilton, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 07-292-PB |
| | ) |
| Jeanne M. Charest, ARNP; | ) |
| Coos County Family Health Services, Inc.; | ) |
| Androscoggin Valley Hospital, | ) |
| | ) |
| Defendants | ) |

### DEFENDANT, ANDROSCOGGIN VALLEY HOSPITAL'S, MOTION TO DISMISS COUNT III OF THE COMPLAINT

NOW COMES the defendant, Androscoggin Valley Hospital, by and through its attorneys, Wadleigh, Starr & Peters, and says as follows:

1.      The plaintiff, William D. Hilton, commenced this action in New Hampshire Superior Court against Coos County Family Health Services, Inc. and Jeanne M. Charest, a nurse practitioner employed by Coos.  Count III of the Complaint is a claim against Androscoggin Valley Hospital (AVH).  The United States substituted itself as the defendant for the claims against Coos and Charest, converted these claims into Federal Tort Claims Act claims against the United States, and removed the entire action to this Court on September 13, 2007.  This Court exercised supplemental jurisdiction over the state law claims against AVH pursuant to 28 U.S.C. §1367(a).

2.      On December 21, 2007, this Court dismissed all FTCA claims leaving only the state law claim against AVH.

825b72e93e68d122

3.      28 U.S.C. §1367(c)(3) provides that this court may decline jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." A court will generally only retain jurisdiction over non-federal claims in the rare situation in which discovery has been completed and the parties are prepared to immediately go to trial when the federal claims are dismissed.  Coppage v. Mann, 906 F.Supp. 1025 (E.D. VA 1995).  Nevertheless, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).  See also McCloskey v. Mueller, 446 F.3d 262, 272 (lst Cir. 2006); Gibson v. Weber, 431 F.3d 339 (8th Cir. 2005);  Weathers v. Milbrook Central School District, 486 F.Supp.2d 273 (S.D.N.Y. 2007); Sykes v. McPhillips, 412 F.Supp.2d 197 (N.D.N.Y. 2006); and Porter v. Hirsch, 345 F.Supp.2d 400 (S.D.N.Y. 2004).

4.      Whereas no federal claims remain and there has been no discovery, the state law claims against AVH should be dismissed.

5.      Because this is a dispositive motion, plaintiff's concurrence has not been sought.

WHEREFORE, the defendant, Androscoggin Valley Hospital, respectfully requests this Honorable Court:

A.      Dismiss Count III of the Complaint; and

B.      Grant such other relief as the Court deems just and equitable.

Respectfully submitted,

Androscoggin Valley Hospital

By its Attorneys,

WADLEIGH, STARR & PETERS

Date: January 16, 2008          By:    /s/ Ronald J. Lajoie
                                       Ronald J. Lajoie, NH Bar #1416
                                       Michael J. Tierney, NH Bar #17173
                                       95 Market Street
                                       Manchester, NH 03101
                                       (603)669-4140

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2008, a copy of the foregoing Motion to Dismiss was forwarded via ECF to Mark A. Abramson, Esquire, and Holly B. Haines, Esquire, counsel for the plaintiff, and to Gretchen Leah Witt, Esquire, and Seth R. Aframe, Esquire, counsel for co-defendants.

                                       /s/ Ronald J. Lajoie
                                       Ronald J. Lajoie, NH Bar #1416
                                       Michael J. Tierney, NH Bar #17173